(No. 30328.—

CHARLES W. RALSTON, individually and as administrator, *et al.,* Appellants, *vs.* CHARLES W. GRAHAM *et al.,* Appellees.

*Opinion filed November 20, 1947.*

RUSSELL E. SMITH, and PAUL H. SCHROY, both of Rockford, and ALBERT S. O'SULLIVAN, of Belvidere, for appellants.

ALLEN B. WOODARD, of Belvidere, and WELSH & WELSH (C. K. WELSH, of counsel,) both of Rockford, for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

This is a suit filed in the circuit court of Boone County to set aside a deed and to partition certain real estate, brought by the administrator of the estate of Peter A. Ralston and a portion of the heirs, against Charles W. and Alice Graham, grantees under the deed, and others.

Peter A. Ralston was, during his lifetime, the owner in fee of a certain farm in Boone County. On March 5, 1941, he executed a warranty deed transferring the title to it in fee simple, subject to a life estate in himself, to

Charles W. and Alice Graham, for a recited consideration of $10 and other good and valuable consideration. The deed carried revenue stamps indicating a consideration of approximately $3500. The deed was placed in escrow with the following instrument:

"To: Alexander J. Strom, Belvidere, Illinois:

I herewith place in your hands for absolute delivery a warranty deed which I have executed conveying my farm in Caledonia Township to Charles W. Graham and Alice Graham. I have surrendered possession and control of this deed and therefore give you the said Alexander J. Strom full authority to hold said deed and upon my death, have the deed recorded.

I hereby declare that I have surrendered full possession and control of said deed to you the said Alexander J. Strom.

It is understood between myself and the said Charles W. Graham and Alice Graham that the said Charles W. Graham and the said Alice Graham are to pay whatever medical expenses I have incurred on account of my last illness and also to pay any and all hospital bills which may be contracted by me from now on and also Charles W. Graham and Alice Graham are to pay all of my funeral expenses and pay whatever just debts I have contracted from now on.

Dated at Caledonia, Illinois this 5th day of March, A.D. 1941.

/s/ Peter A. Ralston

Witness to signature:
/s/ Nettie McEachran"

The complaint alleges the delivery and recording of the deed by Strom, the escrow agent, but charges such delivery was illegal because certain expenses of the last illness of the grantor were not paid by the Grahams. On motion of defendants the complaint was dismissed for failure to state a cause of action.

The cause comes here on the contentions of appellants that the escrow agreement was void because of failure on the part of the Grahams to carry out its terms and conditions, and that it referred to a parol agreement beyond the agreement recited in the deed, which was a condition precedent to the passing of title and was therefore an executory contract, and, not being in writing, was within the Statute of Frauds and void.

The deed was in statutory form and was a plain warranty deed, showing upon its face a good and valuable consideration. There is nothing in the escrow document to indicate any limitation on the explicit direction to the escrow agent to record the deed and to deliver the same upon the death of the grantor. Nor is there anything to indicate that the grantor was keeping any control whatever over the deed. His statements are exactly to the contrary. His recital in the escrow instrument "It is understood between myself and the said Charles W. Graham and Alice Graham that the said Charles W. Graham and the said Alice Graham are to pay whatever medical expenses I have incurred" etc. is just what it purports to be, a recital of an understanding between the grantor and the Grahams, and is in no sense a limitation on the deed nor an executory contract to convey. When Peter A. Ralston executed the deed and the escrow instrument and left them with his attorney, he gave up all control over the deed. This was a delivery to Charles W. Graham and Alice Graham subject to the life estate of Ralston to take effect immediately, and was delivered to the grantees when deposited. *Clodfelter* v. *Van Fossan,* 394 Ill. 29; *Dickerson* v. *Dickerson,* 322 Ill. 492.

To hold that the recitation in the escrow instrument of an agreement between the grantor and the Grahams was a condition precedent to the vesting of title would be to render impossible a transfer of such title under the facts of a case such as this, for medical expenses, expenses of last illness and funeral expenses would, naturally, not accrue until after the death of the grantor, whereas the title under the escrow instrument vested at once in the grantees.

The decree of the circuit court was right and is affirmed.

*Decree affirmed.*